UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, *et al.*<br><br>        Defendants. | Case No. 1:22-cv-01643-ADA-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) AND DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL OF CERTAIN DEFENDANTS PURSUANT TO RULE 41(a)<br><br>(Doc. 9) |
| THEODORE HATLESTAD,<br><br>        Plaintiff,<br><br>   v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, *et al.*<br><br>        Defendants. | Case No. 1:22-cv-01644-ADA-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) AND DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL OF CERTAIN DEFENDANTS PURSUANT TO RULE 41(a)<br><br>(Doc. 10) |

     Pending before the Court are the parties' stipulations in these two related actions seeking to consolidate the actions and dismiss certain defendants and claims.

In deciding whether to consolidate actions pursuant to Rule 42(a), Fed. R. Civ. P., the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). Here, given that the two actions the parties seek to consolidate involve similar facts and claims, and given that the parties jointly request consolidation, the Court concludes that consolidation is appropriate because the balance of savings of time and effort that consolidation will produce outweighs any inconvenience, delay, or expense that it would cause.[1]

Separately, the parties stipulate that Defendants Austin Gilmore and Jason Vellido be dismissed from both actions. The Court construes the parties' filings as stipulations pursuant to Rule 41(a)(1)(A)(ii), which provides that an action may be dismissed without court order by "a stipulation of dismissal signed by all parties who have appeared." Dismissals under Rule 41(a)(1)(A), when properly filed, are effective immediately and do not require a court order/court approval. See Fed. R. Civ. P. 41(a)(1)(A); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999). Here, the stipulations have the effect of terminating this case as to Defendants Gilmore and Vellido. See Fed. R. Civ. P. 41(a)(1); Commercial Space, 193 F.3d at 1077. See also Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 688 (9th Cir. 2005) (endorsing view that Rule 41(a)(1) permits dismissal of all claims against a single defendant in multi-defendant case).

Additionally, in Case No. 1:22-cv-01643-ADA-CDB, the parties stipulate to dismissal of the fourth cause of action (negligence), and in Case No. 1:22-cv-1644-ADA-CDB, the parties stipulate to dismissal of the third and fifth causes of action (FEHA harassment and negligence). However, the Court of Appeals has held that Rule 41(a)(1) may not be used to dismiss single claims from a multi-claim complaint. See Hells Canyon, 403 F.3d at 688 (noting that Rule

---

[1] The matter of consolidation properly is before and decided by the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) & (b)(3) and Local Rule 302(a) (E.D. Cal. 2022). See, e.g., Carcaise v. Cemex, Inc., 217 F. Supp.2d 603, 604 & n.1 (W.D. Pa. 2002) ("this magistrate judge has the authority to rule on the request to consolidate as a non-dispositive motion") (citing Trafalgar Power, Inc. v. Aetna Life Ins. Co., 131 F. Supp.2d 341, 343 (N.D.N.Y. 2001)) (same). Accord Bennett v. Ocwen Loan Serv'g, LLC, 2016 WL 4267629, *3 (N.D. Ga. June 13, 2016); Gilliam v. Fidelity Mgmt. & Research Co., 2005 WL 1288105, *1 & n.5 (D. Mass. May 3, 2005).

41(a)(1) "does not allow for piecemeal dismissal") (citing Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 2001)). Instead, amendment of pleadings pursuant to Rule 15(a) "is the appropriate mechanism" to dismiss one or more but less than all of several claims. Id.

Accordingly, upon consideration of the parties' stipulations, and for good cause appearing, it is HEREBY ORDERED, the actions denominated as *Martinez v. O'Reilly Auto Enterprises, LLC, et al*. (No. 1:22-cv-01643-ADA-CDB) and *Hatlestad v. O'Reilly Auto Enterprises, LLC, et al*. (No. 1:22-cv-01644-ADA-CDB) are CONSOLIDATED under Fed. R. Civ. P. 42(a).

FURTHER, the Clerk of Court is HEREBY DIRECTED to CLOSE the file as to Defendants Austin Gilmore and Jason Vellido and adjust the docket to reflect voluntary dismissal of this action as to those two Defendants only pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

IT IS SO ORDERED.

Dated:   **January 31, 2023**                           _____
                                                       UNITED STATES MAGISTRATE JUDGE