UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MARTINEZ and THEODORE HATLESTAD,<br><br>Plaintiffs,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>Defendant. | Case No.  1:22-cv-01643-CDB (lead case)<br>Case No.  1:22-cv-01644-ADA-CDB (member case)<br><br>ORDER (1) VACATING MID-DISCOVERY STATUS CONFERENCE AND (2) REQUIRING PARTIES TO MAKE CORRECTIVE FILING |

In their joint scheduling report filed April 18, 2023 (Doc. 20), the parties to this action jointly requested that the Court order nonexpert discovery to close on November 17, 2023, and the Court entered a scheduling order imposing this jointly requested timeline. (Doc. 28). In the scheduling order, the Court ordered the parties to appear for a mid-discovery status conference on September 22, 2023, and to file a joint report at least one week in advance. (*Id*. at p.3). The parties were directed to address in their joint report (1) the discovery counsel have completed, (2) the discovery which needs to be completed, and (3) any anticipated impediments to timely completing discovery. (*Id*).

The parties timely filed their joint mid-discovery status report on September 15, 2023. (Doc. 29). The report generally suggests that the parties have not engaged in discovery aside from initial disclosures pursuant to Rule 26. (*Id*.). Additionally, the report fails to address the two other subjects the Court directed the parties to address (discovery remaining and anticipated impediments). In their

1

joint report, the parties request the Court continue the mid-discovery status conference for 60 days – which would fall on a date *after* nonexpert discovery is closed.

As the Court indicated during the scheduling conference and expressed in the scheduling order, the discovery and motion case management dates "**are considered to be firm and will not be modified absent a showing of good cause**." (Doc. 29 at p.7) (emphasis in original).  Based on their joint report, the Court perceives the parties have consciously delayed conducting discovery during the more than four months discovery has been open in favor of settlement discussions.  That is not a diligent discovery practice.  The Court notifies the parties by this order that it will not entertain any future request to extend discovery deadlines where the parties did not make good faith efforts to complete discovery on schedule.  The Court strongly encourages the parties to engage in and complete discovery consistent with the discovery schedule the parties requested – and that the Court imposed.

For the forgoing reasons, IT IS HEREBY ORDERED the mid-discovery status conference set for September 22, 2023, is VACATED.

IT IS FURTHER ORDERED, no later than 12:00 p.m. on September 22, 2023, the parties SHALL FILE a corrected joint mid-discovery status report that address all subjects identified in the Court's scheduling order.

**Failure to timely comply with this order will result in the imposition of sanctions that may include, among others, financial sanctions and dismissal of the case.**

IT IS SO ORDERED.

Dated:   **September 19, 2023**                  _____
                                                                           UNITED STATES MAGISTRATE JUDGE